OPINION OF THE COURT
Per Curiam.
Respondent Gregory N. Filosa was admitted to the practice of law in the State of New York by the Third Judicial Department on May 28, 2008 under the name Gregory Nicholas Filosa. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Department.
By order of February 5, 2013 (— F Supp 2d —, 2013 WL 433347, 2013 US Dist LEXIS 35450 [SD NY 2013]), the United States District Court for the Southern District of New York suspended respondent for one year for misconduct committed in connection with an employment discrimination action. In brief, respondent was suspended based on his efforts — and those of a supervising partner — to conceal a client’s current employment from his adversary. In the attempt to extract a more favorable settlement from the defendant, counsel made use of a misleading expert report on economic damages, which was based on the expert’s presumption that the client would remain unemployed throughout the year. In fact, the client had been successful in securing employment at a salary greater than that received from the defendant. The partner, Scott B. Gilly, Esq., was likewise suspended by the Southern District Court for a one-year period (— F Supp 2d —, 2013 WL 433537, 2013 US Dist LEXIS 35457 [SD NY 2013]) and has been suspended from the practice of law in the State of New York in a separate reciprocal disciplinary proceeding before this Court (Matter of Gilly, 110 AD3d 164 [1st Dept 2013]).
The Departmental Disciplinary Committee now seeks an order pursuant to Judiciary Law § 90 (2) and Rules of the Appellate Division, First Department (22 NYCRR) § 603.3 imposing a reciprocal one-year suspension on respondent or such sanction as this Court deems appropriate. Respondent consents to the one-year suspension but requests that it be imposed nunc pro tunc to February 12, 2013, the date on which he voluntarily ceased practicing law.
Respondent does not assert any of the defenses to reciprocal discipline enumerated at 22 NYCRR 603.3 (c), that is, lack of notice and opportunity to be heard, infirmity of proof, or the absence of any comparable New York provision warranting discipline for the misconduct identified by the foreign jurisdiction. We note that respondent was represented by counsel throughout *164 the course of the federal disciplinary proceedings. He was afforded adequate due process before the Southern District, having been advised of the allegations against him in the District Court’s several orders to show cause, to each of which he responded with a detailed submission prepared with the assistance of counsel. The admissions made by respondent in his submissions obviated the need for a hearing and amply supported the Southern District’s findings of misconduct (see Matter of Kulcsar, 98 AD3d 161, 165 [1st Dept 2012]). Since the Southern District Court expressly found that respondent had violated the New York Rules of Professional Conduct, the sole issue before us is the sanction to be imposed.
Because the court that regulates the conduct of attorneys has the primary interest in disciplinary action and the public policy to be advanced thereby, we have observed that “[a]s a general rule in reciprocal disciplinary matters, this Court gives significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought, and departure from the general rule is rare” (Matter of DeMell, 96 AD3d 94, 96 [1st Dept 2012] [citations omitted]; see also Matter of Lowell, 14 AD3d 41, 48 [2004], appeal dismissed 4 NY3d 846 [2005], lv denied 5 NY3d 708 [2005]). Furthermore, the sanction imposed by the Southern District is comparable to sanctions meted out by this Court under circumstances similarly involving the misuse or concealment of evidence by counsel (e.g. Matter of Rosenberg, 97 AD3d 189 [1st Dept 2012] [one-year suspension]; Matter of Caliguiri, 50 AD3d 90 [1st Dept 2008] [same]).
Respondent requests that he be suspended nunc pro tunc from the date he voluntarily discontinued the practice of law, a request that the Disciplinary Committee does not oppose. In a reciprocal matter, this Court customarily imposes a period of suspension to coincide with the sanction already imposed (e.g. Matter of Etkin, 102 AD3d 151 [2012]; Matter of Kulcsar, 98 AD3d at 166). We have also provided that a sanction commence with the date an attorney voluntarily ceased to practice law (e.g. Matter of Kahn, 76 AD3d 266 [1st Dept 2010]). Notably in this matter, the date respondent ceased practice (February 12, 2013) is very close in time to the date of the Southern District’s February 5, 2013 suspension order.
Finally, because respondent will be obliged to file a petition for reinstatement to resume the practice of law in this state (22 NYCRR 603.14), we decline the Disciplinary Committee’s request to require his reinstatement by the Southern District as a condition to his reinstatement in New York.
*165 Accordingly, the Committee’s motion should be granted and respondent suspended from the practice of law for a period of one year nunc pro tunc to February 12, 2013, and until the further order of this Court.
Tom, J.P., Mazzarelli, Saxe, Moskowitz and Gische, JJ., concur.
Respondent suspended from the practice of law in the State of New York for a period of one year nunc pro tunc to February 12, 2013, and until further order of this Court.